IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corvin J. Young, | C/A No.: 1:23-5206-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Spartanburg County Detention Center; Spartanburg County; Spartanburg County Sheriff Chuck Wright; Assistant Public Defender Beverly D. Jones; U.S. Magistrate Court Judge Molly H. Cherry; Assistant Solicitor Brittney N. Hazel, | ORDER AND NOTICE |
| Defendants. | |

Corvin J. Young ("Plaintiff"), proceeding pro se, filed this civil action alleging violations of his constitutional rights by Spartanburg County Detention Center ("SCDC"), Spartanburg County, Spartanburg County Sheriff Chuck Wright, Assistant Public Defender Beverly D. Jones ("Public Defender"), U.S. Magistrate Judge Molly H. Cherry ("Judge Cherry"), and Assistant Solicitor Brittney N. Hazel ("Solicitor"). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

1

I.  Factual Background

Plaintiff previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Young v. Wright*, C/A No. 9:22-2562-MGL-MHC ("*Young I*"). On July 31, 2023, the Honorable Molly H. Cherry, United States Magistrate Judge, issued a Report and Recommendation recommending the habeas petition be dismissed for Plaintiff's failure to respond to Respondent's motion to dismiss. *Young I* at ECF No. 20. On October 4, 2023, the Honorable Mary G. Lewis, United States District Judge, accepted Judge Cherry's recommendation and dismissed the petition. *Id.* at ECF No. 22. Therefore, the petition was dismissed based on Plaintiff's failure to file a response. However, Plaintiff mischaracterizes the Report stating:

> July 31, 2023 (Report and Recommend)
> Federal courts concur in judgment to dismiss for failure to prosecute. State court clearly proceeding in dilatory fashion. Objections to R&R due by August 14, 2023.

[ECF No. 1 at 11]. Plaintiff's apparent misunderstanding is further evidenced by his allegations that "State continues to enforce it[s] law against the successful petitioner" and "Federal district court upheld the habeas corpus on state liability and ultimately remitted therefore vacate the judgment and remand the case for the petitioner to go to the next step court level to remit the punitive damages award accordingly." [ECF No. 1 at 11–12 (errors in original].

2

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless,

3

the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Spartanburg County Detention Center

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Plaintiff has not stated a valid § 1983 claim against SCDC, as it is not a "person." Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Therefore, SCDC is subject to summary dismissal.

        2.        Spartanburg County

Plaintiff has named Spartanburg County as a defendant, but has failed to state the allegations against it. Spartanburg County is entitled to Eleventh Amendment immunity as a subdivision of the state of South Carolina. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); *see also* S.C. Code Ann. § 15-78-20(e) (noting that the State of South Carolina has not consented to suit in federal court); *Quern v. Jordan*, 440 U.S. 332, 342–43 (1979) (holding that Congress has not abrogated the state's sovereign immunity in § 1983 actions). Additionally, Spartanburg County is also subject to dismissal because it is not a person subject to suit under § 1983. As noted above, only "persons" may act under color of state law; thus, a defendant in a § 1983 action must qualify as a "person." *See Harden*, 27 F. App'x at 178; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, Spartanburg County is also entitled to summary dismissal.

5

3. Judicial Immunity

Judge Cherry should be dismissed based on judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judge Cherry relate to her judicial actions, she is entitled to absolute immunity.

4. Prosecutorial Immunity (Solicitor)

Plaintiff appears to sue Solicitor for actions associated with his state criminal proceedings. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims relate to actions taken by Solicitor in connection with state judicial proceedings, they are barred by prosecutorial immunity and are subject to summary dismissal.

   5.  Assistant Public Defender

A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 no. 8–9, 12–14 (1981); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983). Therefore, Public Defender is entitled to summary dismissal.

   6.  Sheriff Chuck Wright

With regard to Wright, Plaintiff alleges:

> Local Sheriff Chuck Wright acting "under the color of state law" and institutional policies as warden of the Spartanburg County Detention Center wrongfully subjects Petitioner to State's enforcement of laws not supporting the independent judgment of a U.S. Magistrate Court Judge to remit.

[ECF No. 1 at 8]. Plaintiff again appears to believe incorrectly that Judge Cherry had ruled in his favor when she recommended *Young I* be dismissed. Plaintiff further states "According to judgments Sheriff Wright's belief that Petitioner was guilty even if only a suspicion gave way to the use of unusual powers of investigation and authority to him." [ECF No. 1 at 13]. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Because Plaintiff has failed to allege sufficient facts against Wright to show he is entitled to relief, Wright is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **December 11, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 20, 2023                                              Shiva V. Hodges
Columbia, South Carolina                                  United States Magistrate Judge